Howard C. DURYEA, for himself
and all others similarly
situated, Plaintiff,

v.

Thomas A. MAUL, as Commissioner, New York State Office of Mental Retardation and Developmental Disabilities; New York State Office of Mental Retardation and Developmental Disabilities; Frederick J. Zazycki, as Executive Director, Letchworth Village/Westchester Developmental Disability Services Organization a/k/a Westchester Developmental Disabilities Services Organization; Letchworth Village/Westchester Developmental Disability Services Organization a/k/a Westchester Developmental Disability Services Organization; Barbara A. Hawes; James Whitehead; and James Shea, Defendants.

No. 95 Civ. 8789(CM)(MDF).

United States District Court,
S.D. New York.

Oct. 8, 1999.

William David Frumkin, Sapir & Frumkin, White Plains, NY, for plaintiff.

Richard J. Cardinale, State of New York, Office of the Attorney General, Michael Oliver Hueston, Dennis C. Vacco, Attorney General of the State of NY, New York City, for defendants.

MEMORANDUM DECISION AND ORDER GRANTING CLASS CERTIFICATION AND DENYING ALL PENDING MOTIONS FOR SUMMARY JUDGMENT

McMAHON, District Judge.

I have reviewed the Report and Recommendation of the Hon. Mark D. Fox, to whom this matter was referred, and the objections filed by both sides in response thereto. I thank Judge Fox and his law clerks for their diligent work on what was an extremely complicated and extremely lengthy set of motion papers.

As I disagree with Judge Fox's recommendation that a class ought not be certified, for substantially the reasons set forth in plaintiff's objections to that portion of the report, I hereby certify a plaintiff class consisting of: (1) all male direct care staff employees, both present and former, of the New York State Office of Mental Retardation and Developmental Disabilities ("OMRDD") who were allegedly denied full time employment from January 1, 1992 to the present due to OMRDD's female-only policy; (2) all qualified male applicants who were allegedly refused positions at OMRDD from January 1, 1992 to the present due to OMRDD's female-only policy; and (3) all males who were allegedly deterred from applying for positions that were designated as "female-only" by OMRDD from January 1, 1992 to the present.

As I agree with Judge Fox's recommendation that issues of fact preclude granting defendants' motion for summary judgment on the First Cause of Action, I deny that aspect of the defendants' motion for summary judgment, over the objection filed by defendants on September 27, 1999.

As I disagree with Judge Fox's recommendation that the other claims be dismissed on defendants' motion for summary judgment, for substantially the reasons set forth in plaintiff's objections to that portion of the Report, I deny the remainder of the motion as well.

The parties are directed to file pre-trial papers in conformity with the Court's rules by November 23, 1999. Replies to any motions *in limine* are due December 10, 1999. The case will be conferenced shortly thereafter and an approximate trial date set. Due to the age of this case, I will give it priority on my civil calendar, but I have a heavy criminal trial docket at present and cannot guarantee a date for trial. Should the parties agree to trial before a

United States Magistrate Judge, I will sign an order of reference; the Magistrate Judge can set his own schedule and offer the parties a date certain for trial.

This constitutes the decision and order of the Court.